|   |   |
|---|---|
| 1 | THOMAS P. O'BRIEN |
|   | United States Attorney |
| 2 | LEON W. WEIDMAN |
|   | Assistant United States Attorney |
| 3 | Chief, Civil Division |
|   | THOMAS K. BUCK |
| 4 | Assistant United States Attorney |
|   | California State Bar #70307 |
| 5 |     Room 7516, Federal Building |
|   |     300 North Los Angeles Street |
| 6 |     Los Angeles, California 90012 |
|   |     Telephone: (213) 894-3989 |
| 7 |     Facsimile: (213) 894-7819 |
|   |     tom.buck@usdoj.gov |

Attorneys for Defendant
Michael Chertoff, Secretary of Homeland Security

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HUMBLE-SANCHEZ, | NO. EDCV 07-00222 VAP (OPx) |
|     Plaintiff, | |
| v. | PROTECTIVE ORDER |
| MICHAEL CHERTOFF, Secretary U.S. Dept. Of Homeland Security, ALBERTO Gonzales, Attorney General [of the] United States, | Hon. Oswald Parada |
|     Defendants. | (note changes pg.2 ln 20, pg 3, ln 9.) |

      PURSUANT TO THE PARTIES' STIPULATION FOR PROTECTIVE ORDER, IT IS HEREBY ORDER THAT:

      (1)    Whenever counsel for Defendant believes that formal or informal discovery in this action, in whatever form, may reveal or has revealed information which may be within the scope of the provisions of the Privacy Act or subject to the law enforcement privilege, counsel for Defendant shall, to the extent practicable, redact sensitive and personal information from the records produced as well as information subject to the law enforcement investigatory privilege, while

1  retaining an unredacted copy of such records.

2        (2)   Counsel for Defendant shall mark as "Confidential" any
3  records or information that contain highly sensitive information regarding
4  individuals not party to this action, including but not limited to disciplinary
5  records.  The parties agree that any records or information marked as
6  "Confidential" will be filed only under seal.

7        (3)   Nothing herein shall be construed to preclude Defendant from
8  asserting the law enforcement investigatory privilege or any other applicable
9  privilege and declining to produce records or information, or portions thereof,
10 where Defendant deems appropriate.

11       (4)   Nothing herein shall be construed to preclude Plaintiff from
12 challenging Defendant's assertion or assertions of privilege in court pursuant to the
13 Federal Rules of Civil Procedure or any other governing authority.

14       (5)   This order is not intended to compromise the rights of any party
15 to object to discovery pursuant to the Federal Rules of Civil Procedure or any other
16 governing authority nor is it intended to alter any burden of proof regarding any
17 assertion of privilege in this matter.

18       (6)   The parties may use records produced by Defendant in all
19 further proceedings in this district court case.  However, any records or information
20 designated as "Confidential" will be filed in compliance with Local Rule 79-5.

21       (7)   The parties shall have the right to use records produced by
22 Defendant in all preparations for trial.  If a party wishes to disclose records
23 protected by the Privacy Act to persons requested to furnish expert or litigation
24 services, other than their counsel, then said person(s) shall execute a written
25 declaration substantially in the form of Exhibit"A" hereto.  Nothing herein shall
26 prohibit the parties or counsel from disclosing a document or its contents which
27 constitute or contains information protected under the Privacy Act to the person the
28 document identifies as an author or addressee of such document.

1        (8)    The parties shall have the right to use records produced by Defendant at trial in this action, subject to any limitations imposed by the trial judge, in the examination of any witnesses, and in the presentation of all types of evidence, in the making and defending of trial motions, in trial briefs, and in argument.

        (9)    The parties shall have the right to use records produced by Defendant in any appellate proceedings, however, any exhibits, records or information marked as "Confidential" will be filed in compliance with Local Rule 79.5.

        (10)    Upon completion of this action, Plaintiff and his counsel shall certify to the Court that they have irretrievably destroyed all documents that have been marked as Confidential. They shall further certify that they have destroyed all copies and/or duplicates, as defined by Rule 1001(4) of the Federal Rules of Evidence, that they have made of such documents.

DATED: 7/11/08

_____
UNITED STATES DISTRICT COURT